IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD HERRERA #712197 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv142 |
| JUDITH JOHNSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Richard Herrera, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Herrera complained that the Board of Pardons and Paroles is holding him illegally because he was not given due process before his parole was revoked. He says that he received a letter dated December 22, 2009, saying "it appears reinstatement paperwork was in error, you were revoked with a hearing." He requested "restitution for time lost and for cruel and unusual punishment by holding me hostage, plus parole complete plus punitive damages."

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed. The magistrate judge observed that in a complaint about the validity of confinement stemming from the revocation of parole, the plaintiff must show that the Board's decision has been reversed, expunged, set aside, or called into question, which Herrera had not done. Littles v. Board of Pardons and Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995), *citing* Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994). To the extent that Herrera asked for release on parole, the magistrate judge concluded that such relief could not be obtained through a civil rights action, but had to be sought through habeas corpus.

1

Herrera's objections to the report assert that his parole was revoked without a hearing, which he says is cruel and unusual punishment. He states that he is not asking for parole, but only restitution for the cruel and unusual punishment inflicted upon him. Herrera did not object to the magistrate judge's conclusion that his claim for monetary damages is barred because he has not shown that the parole decision about which he complains has not been expunged or set aside.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit.

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

SIGNED this 18th day of May, 2015.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE